1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH ROSALES, | ) U.S.D.C. Case No.: |
|          Plaintiff, | ) 2:14-CV-02152-WBS (CMK) |
| | ) (*Assigned to the Honorable* |
|    v. | ) *William B. Schubb*) |
| CITY OF CHICO; DAVID BAILEY; | ) |
| and DOES 1-10 (in their official and/or | ) PROTECTIVE ORDER |
| individual capacities, | ) REGARDING USE OF CERTAIN |
| | ) CHICO POLICE DEPARTMENT |
|          Defendants. | ) RECORDS |
| | ) |
| | ) |
| _____ | ) |

GOOD CAUSE HAVING BEEN SHOWN, THE COURT HEREBY ISSUES

THE FOLLOWING ORDER:

      Plaintiff and Defendants have requested this Court grant a Protective Order

governing use and disclosure of CERTAIN CHICO POLICE DEPARTMENT

RECORDS previously requested by Plaintiff in document demands in this action:

1. The term "CERTAIN CHICO POLICE DEPARTMENT RECORDS" used in this Order are defined as Unredacted copies of the following:

- Employee Course Hours Report for Officer David Bailey authored by the Chico Police Department dated December 14, 2014;
- Profile Report for Officer David Bailey authored by the Chico Police Department dated March 3, 2015;
- Administrative Review for Complaint involving Joseph Rosales authored by Chico Police Chief Kirk Trostle dated August 26, 2014;
- Memorandum regarding complaint by Bradley Hodges authored by Chico Police Lieutenant David Britt dated October 8, 2014; and,
- Letter regarding actions taken in traffic stop complied with standard law enforcement practices authored by Chico Police Captain Kirk Trostle dated June 14, 2012.

2. **Good Cause Statement for Protective Order Regarding Peace Officer Personnel Records:** The parties agree, and the Court finds, that police officers have privacy rights in the documents and information contained in their personnel files. Redaction is permitted of highly personal and irrelevant confidential information regarding the Defendants contained in such personnel files and documents, such as, but not limited to, phone numbers, salary information, tax return information, social security information, dates of birth, home addresses, names of family members, non-police related occupational and education information, personal injury and workers' compensation information. The parties agree, and the Court finds, that other information contained in the CERTAIN CHICO POLICE DEPARTMENT RECORDS, may be relevant to certain claims and defenses raised by the parties in this litigation. Therefore, the parties agree, and the Court finds, that good cause exists to ensure that the disclosure of such documents in this litigation be covered by a confidentiality and protective order to preserve the officer's rights to privacy as to said information.

3.  Plaintiff and his attorneys in this action are expressly prohibited from using or disclosing the CERTAIN CHICO POLICE RECORDS obtained pursuant to this Order for any purpose other than the evaluation of the claims and defenses in this action, and for the development, preparation, and presentation of Plaintiff's claims in the present action.  Defendants may also use and disclose the identified records for evaluation of the claims and defenses in this action, and for the development, preparation, and presentation of Defendants' defenses in the present action.  However, Defendants may also continue to use and disclose the identified records as Defendants and/or the Chico Police Department would need to use and disclose them in the ordinary course of business and/or for any other present or future litigation (criminal, civil, and/or administrative) and/or personnel matters in which the records may need to be used or disclosed.

4.  Additionally, the CERTAIN CHICO POLICE RECORDS obtained pursuant to this Order, shall not be provided to news media, television, or radio, or placed on the Internet.

5.  Defendants may redact highly personal and irrelevant confidential information regarding the Defendants contained in such personnel files and documents, such as, but not limited to, phone numbers, salary information, tax return information, social security information, dates of birth, home addresses, names of family members, non-police related occupational and education information, personal injury and workers' compensation information.

6.  Such permitted use includes disclosure of the CERTAIN CHICO POLICE RECORDS to the following described persons or entities in the course of this action, all of whom shall be advised of the requirements of this stipulation and the obligation for them to also comply with the protective order:

a. The parties' attorneys of record in this action, and members of the paralegal, secretarial, and clerical staff employed or retained by the parties' attorneys of record and assisting in connection with this action.

b. Members of the data entry and data processing staff employed or retained by the parties' attorneys of record and assisting in the development or use of data retrieval systems in connection with this action.

c. Court reporters employed by a party holding depositions to transcribe the testimony produced in any depositions necessitated by this action.  Every court reporter shall separately bind transcript exhibits consisting of any of the CERTAIN CHICO POLICE RECORDS and shall place on the first page of each such bound portion the following legend:

> This transcript contains documents designated confidential pursuant to the Protective Order Regarding Use of Certain Chico Police Department Records in the case of *Rosales v. City of Chico, et al.*, United States District Court for the Eastern District of California, Case Number Case No. 2:14-CV-02152 WBS (CMK).  These documents are not to be disclosed to anyone to whom their disclosure is not expressly permitted by said protective order.

d. Expert witnesses retained by the parties either for consultation in the course of preparation of their claims or defenses for trial and/or for use by such expert witnesses in the preparation of their testimony for deposition or trial and for giving actual testimony.

e.  Those members of the Chico Police Department (including said agency's Staff Attorneys assigned to handle this litigation) and/or other City agencies, entities, or officials who must be consulted on settlement offers or negotiations.

f.  Those personnel employed by copy services and exhibit production service companies that may be hired by the parties' counsel to duplicate documents and/or to prepare trial exhibits in this action.

g.  Jury consultants hired by the parties to assist in the trial of this matter.

h.  A mutually-agreed-upon mediator retained by the parties' attorneys of record.

7.  All documents subject to this stipulation shall be marked "Confidential."

8.  If any papers to be filed with the Court have been marked "Confidential," the proposed filing shall be accompanied by an application pursuant to Eastern District Local Rule 141 to file the papers or the portion thereof containing the designated information (if such portion is segregable) under seal.  Such application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall file a redacted version of the motion and supporting papers.  Regardless of any stipulation by the parties or the fact that documents have been marked "Confidential," the Court will make the determination, on a document-by-document basis, whether there is good cause for documents submitted by the parties in connection with filings or at trial to be kept under seal.

9.  Nothing herein shall be construed as a concession as to the admissibility of such items herein disclosed, and the parties may reserve the right to seek exclusion of any such items or the information contained therein in limine or during trial.

10.  At the conclusion of this action (which will be the point at which a final judgment has been rendered and all appellate avenues of relief by any parties have been exhausted), Plaintiff and his attorneys of record are ordered to either: (1) return all copies of the CERTAIN CHICO POLICE RECORDS to counsel for Defendants, or (2) destroy all copies of the records.  This Order does not require destruction of the originals of such records as they are kept and used in the ordinary course of business by Defendants and the Chico Police Department.

11.  The Court may modify the Protective Order in the interests of justice or for public policy reasons.

12.  Defendant shall produce to Plaintiff's counsel all records covered hereby within 30 days of the issuance of the Protective Order.

13.  This Stipulation and Order shall survive the conclusion of this action, including any appeals, to the extent that information comprising or contained in Confidential Material does not become public.  The Court shall retain jurisdiction to resolve any dispute concerning compliance with the terms and conditions of this Order, including any alleged violation thereof.

IT IS SO ORDERED:

Dated:  April 24, 2015

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
   4849-3279-7219, v. 2
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28